## A. M. GAILLARD *v.* J. P. THOMAS ET AL.

1. INJUNCTION. *Decree. Prior payment.*
   An administrator who fails to allege that payments by him to distributees made prior to his final settlement were not considered by the court in rendering a decree of distribution cannot successfully enjoin the execution of the decree.

2. SAME. *Motion to dissolve. Pleading construed against pleader.*
   An averment that he paid the distributees, taking receipts in full, whereby he became assignee of their interests, is an expression of opinion, which, on motion to dissolve upon the face of the bill, has no force beyond the allegation of payment.

APPEAL from the Chancery Court of Tippah County.

HON. A. B. FLY, Chancellor.

The bill alleged that on May 19, 1875, the appellant became administrator of the estate of P. R. Thomas, deceased, and on May 10, 1882, upon his final account previously filed and heard on ex-

ceptions of the distributees, a decree was rendered directing him to pay the funds in his hands to the parties entitled, and the appellees were named with others in the decree, with the sums to be paid them; that long prior to the filing of his final account he had paid off and fully discharged the amounts due to these distributees and now holds receipts from them acknowledging payment in full of all claims against the estate, thereby transferring and assigning to him all right, title, and interest which they had in the estate; but that they have procured executions to be issued under the decree of distribution and will sell his property unless they are enjoined, and he, therefore, asks for an injunction. This was granted by the Chancellor, who afterward dissolved the injunction, on motion, upon the face of the bill.

*Thomas Spight*, for the appellant.

By moving to dissolve the injunction upon the face of the bill the appellees admitted the allegations and all just inferences to be drawn from them. It is, therefore, admitted that the appellant paid these parties their distributive shares and became the owner of their interests in the estate, yet they are proceeding to sell his property under a decree which belongs to him. The bill discloses equity, and the injunction should not have been dissolved on motion, even if the averments were inartificial or obscure, but the Chancellor should have ordered the bill to be amended according to the facts, so that the merits of the case could have been presented. Clearly the complainant has cause for relief, and the Chancellor should have protected him. *Miller* v. *McDougall*, 44 Miss. 682. The statements of this bill are not denied, and must be taken as true upon this motion. *Hooker* v. *Austin*, 41 Miss. 717. Injunctions should never be dissolved without a fair hearing of the facts. *Bowen* v. *Hoskins*, 45 Miss. 183. An injunction will always be continued to the final hearing, if the effect of dissolving it before will be to defeat the relief asked. *Supervisors* v. *Paxton*, 56 Miss. 679. In this case the appellant will be sold out under his own decree before final hearing.

*Falkner & Frederick*, for the appellees.

The averment that long prior to the filing of his final account

the appellant paid the appellees and thereby became assignee of their rights is a weak and silly attempt to defraud these persons. Taking advantage of their ignorance, he is seeking by fraudulent misrepresentations to injure them. The decree is conclusive, and it cannot be enjoined for matters which should have been presented to the court at the hearing which resulted in the decree. Code 1880, §§ 1953, 2069, 2070; *Miller* v. *Ewing*, 8 S. & M. 421. It was the duty of the court, which finally settled this matter by the decree of distribution, to see that its decree was executed, and right well did it perform this duty. *Hines* v. *Noah*, 52 Miss. 192. The whole matter is ended. It is *res adjudicata.* 1 Greenl. Evid., §§ 550, 551; Story Eq. Pl., § 782. Failing to assert the claim for allowance at the hearing, the appellant is precluded after decree. *Agnew* v. *Mc-Elroy*, 10 S. & M. 552; *Johnson* v. *White*, 13 S. & M. 584; *Stewart* v. *Stebbins*, 30 Miss. 66; *McLaughlin* v. *Green*, 48 Miss. 175; *Shattuck* v. *Miller*, 50 Miss. 386; *Land* v. *Keirn*, 52 Miss. 341. It was the appellant's plain duty, if he had any claims against the estate, to have presented them at the time of the final settlement and decree. He occupies a relation of trust and must be held to rigid accountability. Hill on Trustees 114, 535. Here by his own showing he was buying out the heirs whose interests it was his duty to protect. *Planters' Bank* v. *Neely*, 7 How. 80; *Andrews* v. *Brumfield*, 32 Miss. 107. The decree of distribution cannot be rendered nugatory upon such a showing as this upon the part of the administrator.

*W. A. Orum*, on the same side.

Decree of distribution having been rendered upon a full hearing of the final account and the appellees' exceptions, directing the appellant to pay them certain funds, he now for the first time, as he pretends, asserts that the funds belong to him. This cannot be successful. *McLaughlin* v. *Green*, 48 Miss. 175. The appellant is estopped to relitigate the matter. 1 Greenl. Evid., § 550. Whatever was involved in the accounting and might have been raised and determined is concluded by the decree. Story Eq. Pl., § 783 b. The decree is a final determination of every fact which it affirms positively or by necessary implication. *Land* v. *Keirn*, 52

Miss. 341. This trustee could not buy the trust estate from the beneficiaries. *Schieffelin* v. *Stewart*, 1 John. Ch. 620; *Davoue* v. *Fanning*, 2 John. Ch. 252; *Killick* v. *Flexney*, 4 Bro. Ch. 161; *Fox* v. *Mackreth*, 1 White & Tudor Lead. Eq. Cas. 115, 150, and notes; *Watson* v. *Toone*, 6 Madd. Ch. 153. A trustee cannot deal in behalf of the *cestui que trust* with a firm in which he is partner. *Flanagan* v. *Great Western Railway Co.*, L. R. 7 Eq. 116. Fraudulent intent is not necessary to render the transaction void, but it is enough if one party dominates the other intellectually. *Darlington's Appeal*, 27 Am. Rep. 726 and notes. No trustee can safely trade with his *cestui que trust* for the trust property. *Tennant* v. *Trenchard*, L. R. 4 Ch. 537, 544; *Rushbrook* v. *Lawrence*, L. R. 5 Ch. 3; *Hamilton* v. *Mohun*, 1 P. Wms. 118; 1 Madd. Ch. Prac. 124; Adams Eq. 183, 184; Story Eq. Jur., §§ 310, 322 a, 468; 1 Parsons on Contracts, 135 *et seq.*; 4 Kent Com. 438 and note c. An end of litigation must be reached at some time, and unless the final decree concludes the matter tried, it is difficult to fix the limit.

*L. Brame*, on the same side.

Fraud, accident, or mistake is not stated by the appellant as a reason for failing to bring his alleged payments to the Chancellor's attention before the decree upon his final account, but adopting the opinion that the legal effect of the receipts was to assign the shares to him, he permitted the decree to be entered against himself. This is the meaning of the bill, for it must be taken most strongly against the pleader. Unless he owns the decree he cannot control the execution, and the bill does not state as a fact that he is such owner. Payments made before the settlement must have been considered by the court which rendered the decree. Nothing in the bill negatives the presumption that this was done. If they were taken into that account this bill is merely an attempt to re-litigate the same matter and perhaps to obtain credit twice for one set of payments.

COOPER, J., delivered the opinion of the court.

By this bill the complainant states that a final settlement of his administration was made in the proper court, on which he was de-

creed to pay to the defendants certain sums respectively as their distributive shares of the estate. There is no allegation in the bill that in such accounting the payments which he now claims had been previously made to them were not examined and allowed or rejected. In the absence of such averments we must presume that this was done, and if it was he cannot now re-litigate the same matter. The complainant does not charge that he took assignments of the interests of the distributees, but that he paid them in full their shares in the estate, taking receipts in full, " whereby he became assignee of their interests in the estate." This is but a statement of his opinion of the legal effect of the receipts, in which he may be, and probably is, mistaken. By moving to dissolve on the bill alone the defendants admitted the truth of its statements, but the rule still governs which construes the pleadings most strongly against the pleader ; and assuming that the complainant has stated his case as strongly as he could, he is not entitled to the relief prayed.

*Decree affirmed.*